IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK SNYDER,

    Appellant,

v.

EDWARD J. QUINLAN, GEORGE LENTZ, JR., BARBARA LENTZ, PAUL BOEGGEMAN, JOHN H. BOEGGEMAN, JR., JOHN H. BOEGGEMAN, III, MARY BOEGGEMAN, MID OHIO SECURITIES CORP.

    Appellees.

06cv1532
**Electronically Filed**

## MEMORANDUM OPINION

Mark Snyder appeals the Order of the United States Bankruptcy Court for the Western District of Pennsylvania dated September 29, 2006, which granted in part and denied in part the motion of Appellees (Edward J. Quinlan, George Lentz, Jr., Barbara Lentz, Paul Boeggeman, John H. Boeggeman, Jr., John H. Boeggeman, III, and Mid Ohio Securities Corp.) to reopen Mr. Snyder's closed bankruptcy case for the limited purpose of retroactively annulling the automatic stay as to movants with regard to default judgments taken against Appellant and his sister, Shanni Snyder, who also had declared bankruptcy, in the state courts of Allegheny and Westmoreland Counties.  The Honorable Bankruptcy Judge Judith K. Fitzgerald, after notice and hearing, granted the motion to reopen and retroactively annulled the automatic stay as to the default judgment taken in Allegheny County as to the sale of five properties in Allegheny County, but denied the motion as to the default judgments taken in Westmoreland County.

Appellee asserts that the Bankruptcy Court abused its discretion in retroactively annulling the stay as to the default judgments on the Allegheny County properties.  After careful

consideration of the briefs submitted by the parties,[1] and the record on appeal, including the transcript of the hearing of September 29, 2006 (Bankruptcy Court doc. no. 28), the Court finds that Bankruptcy Judge Fitzgerald did not abuse her discretion in retroactively annulling the automatic stay in part.

As is apparent from the transcript of the September 29, 2006, argument on the motion, the Bankruptcy Court was thoroughly familiar with the case, carefully considered the arguments for and against the motion, and reasonably decided that the requested relief was appropriate with regard to the defaulted Allegheny County properties, which already had been sold to third parties, but not as to the Westmoreland County judgments.

For the reasons stated by Chief Judge Donetta W. Ambrose in her Opinion and Order of August 3, 2006 in Appellant's sister's case, the Order of the Bankruptcy Court annulling the stay as to the Allegheny County properties will be affirmed.  <u>Shanni Snyder v. Winnecour</u>, Docket No. 06-cv-398, Opinion and Order of Court, August 3, 2006 (doc. no. 27).

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   All ECF registered counsel of record and Appellant

Mark Snyder
PO Box 2
Coulter, PA 15028

---

[1] On April 24, 2007, the Court denied, by text-only order, Appellant's motion to enlarge the record by filing state court documents and records, and subsequently denied his motion to strike the "chronology" about various state court and bankruptcy court proceedings involving Mr. Snyder and several other members of his family (doc. no. 19).  However, the Court has disregarded the "chronology" attached to the Briefs for Appellees, which discusses matters dehors the record in bankruptcy court, and has considered only matters of bankruptcy court record.